[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 16, 2010
JOHN LEY
CLERK

No. 10-10137
Non-Argument Calendar
_____

Agency No. A098-940-038

ROSA ELVIRA DE LA ESPRIELLA MARTELO,
JOSE ALFREDO CONSTANTINO PRASCA,

Petitioners,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 16, 2010)

Before BARKETT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Rosa Elvira de la Espriella Martelo ("Martelo") and her husband Jose

Alfredo Constantino Prasca ("Prasca"), citizens of Colombia, petition this Court

for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying Martelo's application for asylum and withholding of removal.[1]  Martelo argues that she was persecuted in Colombia, and would be again if she returned, by the Fuerzas Armadas Revolucionarias de Colombia ("the FARC") on account of her political opinion.  The IJ denied asylum and withholding based on his finding that Martelo was not credible.  On appeal, she argues that the IJ's finding, which the BIA affirmed, is not supported by substantial evidence in the record.

When the BIA issues a decision, we review only that decision, but to the extent the BIA adopts the IJ's reasoning, we review the IJ's decision as well.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, the BIA agreed with the IJ's reasoning.  Accordingly, we review both the BIA decision and the IJ's decision.

We review factual findings, including credibility determinations, under the substantial evidence test.  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). Under this standard, we affirm a factual finding "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Al Najjar*, 257 F.3d at 1284 (internal quotation marks omitted).  We will

---

[1] Prasca sought asylum as a derivative beneficiary of Martelo's asylum application.

not reverse a factual finding unless "the evidence compels a reasonable fact finder to find otherwise." *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1231 (11th Cir.2006) (internal quotation marks omitted).

To establish asylum eligibility, an applicant must prove that he or she is a "refugee" under the Immigration and Nationality Act. 8 U.S.C. § 1158(b)(1)*; see also Al Najjar*, 257 F.3d at 1284. A refugee must have (1) suffered past persecution on account of his or her social group, political opinion, or any other protected ground, or (2) a "well-founded fear" that his or her social group, political opinion, or any other protected ground will cause future persecution. 8 C.F.R. § 208.13(b). To qualify for withholding of removal, an applicant must have established that it is more likely than not that her life or freedom would be threatened on account of a statutorily protected factor if returned to her home country. 8 U.S.C. § 1231(b)(3).

An applicant's own testimony "can suffice [to show eligibility for asylum or withholding] where the testimony is believable, consistent, and sufficiently detailed." *Niftaliev v. U.S. Att'y Gen.*, 504 F.3d 1211, 1217 (11th Cir. 2007) (quoting *In re S-M-J*, 21 I. & N. Dec. 722 (BIA 1997)). However, "in the absence of corroborating evidence, an adverse credibility determination may be sufficient

to support the denial of an application." *Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1345 (11th Cir. 2008) (quotations omitted).

Here, the IJ's credibility determination was supported by substantial evidence in the record and therefore the BIA properly affirmed it.  The IJ and BIA noted that Martelo's claim changed over time, and noted material inconsistencies between Martelo's credible fear interview, asylum application, updated asylum application, supplemental declaration, and testimony at the removal hearing. Although her asylum claim is based on alleged persecution on account of her political opinion, Martelo did not mention that she was a member of a political organization or any other group until 2008, right before her asylum hearing. Martelo originally maintained that the FARC retaliated against her for refusing to provide them with medical services, which under circuit's case law is not a protected ground for which asylum is available.  *See Rodriguez-Morales v. U.S. Att'y Gen.*, 488 F.3d 884 (11th Cir. 2007).  Although she had multiple opportunities to describe the reasons why she felt she was persecuted – for example, in her asylum application and her updated asylum application – she did not disclose facts indicating she belonged to any political group or held any political opinion for which she faced persecution until the eve of her asylum hearing.

For these reasons, substantial evidence supports the immigration courts' adverse credibility determination and resulting denial of Martelo and Prasca's application for asylum and withholding of removal. Accordingly, we deny the petition for review.

**PETITION DENIED.**